Law Offices Of:
HARRISON & MATSUOKA

WILLIAM A. HARRISON    #2948
841 Bishop Street, Suite 800
Davies Pacific Center
Honolulu, Hawaii  96813
Telephone Number:   523-7041
Facsimile Number:   538-7579
E-Mail:  wharrison@hamlaw.net

Attorney for Defendant
CHARLES ERIC BROUGHTON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAI'I, | ) | CR. NO. 13-00415 HG |
| | ) | |
| Plaintiff, | ) | **REPLY TO STATE OF HAWAI'I'S** |
| | ) | **MEMORANDUM IN OPPOSITION** |
| vs. | ) | **TO DEFENDANT'S NOTICE OF** |
| | ) | **REMOVAL OF STATE** |
| CHARLES ERIC BROUGHTON, | ) | **PROSECUTION; DECLARATION** |
| Also known as Eric Broughton, | ) | **OF COUNSEL; ATTACHMENTS "1"** |
| | ) | **"2" AND "3;" CERTIFICATE OF** |
| Defendant. | ) | **SERVICE** |
| | ) | |
| | ) | |

### REPLY TO STATE OF HAWAI'I'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S NOTICE OF REMOVAL OF STATE PROSECUTION

Comes now Commander Charles Eric Broughton and hereby submits his reply to

the State of Hawai'i's Memorandum in Opposition to Defendant's Notice of Removal

of State Prosecution, Declaration of William A. Harrison and attachments which further sets forth grounds supporting removal.

DATED:  Honolulu, Hawaii, June 6, 2013.

Law Offices Of:
HARRISON & MATSUOKA

          /s/William A. Harrison
          WILLIAM A. HARRISON
          Attorney for Defendant
          CHARLES ERIC BROUGHTON

2

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAI'I, | ) CR. NO. 13-00415 HG |
| Plaintiff, | ) DECLARATION OF COUNSEL |
| vs. | ) |
| CHARLES ERIC BROUGHTON, Also known as Eric Broughton, | ) |
| Defendant. | ) |

### DECLARATION OF COUNSEL

1.   I am an attorney for Defendant Commander Charles Eric Broughton in the above-entitled ease. I set forth the following facts upon information and belief:

2.   Attachment "1" is a true and correct copy of the Federal Protective Service ("FPS") Firearms Policy Directive 15.5.12.1.

3.   Paragraph 16 of the FPS Firearms Policy Directive requires all FPS law enforcement personnel to be armed when: (1) on duty; (2) wearing readily visible law enforcement markings; and/or (3) operating law enforcement vehicles while engaged in the performance of official duties.

4.   Commander Broughton was in full uniform at the time of the incident, operating a clearly marked law Enforcement vehicle, traveling in an "in service" status,

3

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

available to respond to emergency calls from the FPS MegaCenter.

5. Attachment "2" is a true and correct copy of the FPS Directive 15.1.2.1 titled "Law Enforcement Authority and Powers" ("LEAP") which sets forth the law enforcement authority and powers of FPS law enforcement personnel designated under 40 U.S.C. §1315.

6. Section 4.1 of LEAP states in pertinent part:

> **4.1 Subject-Matter Jurisdiction.** While engaged in the performance of official duties, designated FPS law enforcement personnel may:
>
> a. Enforce federal laws and regulations for the protection of persons and property;
>
> b. Carry firearms;
>
> c. Make arrests without a warrant for any offense against the United States committed in the presence of law enforcement personnel, …;
>
> d. . . .
>
> e. Conduct investigations, on and off the property in question, of offenses that may have been committed against federal property or persons on the property; and
>
> f. . . .

7. Additionally Section 8.2 of LEAP states in pertinent part:

> **8.2 Authority on Non-Federal State Property.**
>
> **a.** As a general rule, FPS law enforcement personnel have no legal duty or authority to enforce state or local laws not related to the protection of federal property or persons on the property (except to the extent that enforcement of such laws is necessary for the protection of federal property and is pursuant to an agreement between FPS and the state or local government), and

4

performing such actions could result in criminal charges and civil liability against the officer and civil liability against FPS. Exceptions to this rule include:

- ***On state property*** not protected by FPS, FPS law enforcement personnel while in the performance of official duties relating to the protection of federal property and persons on the property ***have the legal authority to take appropriate action related to federal crimes committed in the presence of the officer or any felony cognizable under the laws of the United States if the officer has reasonable grounds to believe that the person arrested has committed or is committing a felony.***

- . . . .

- On state property not protected by FPS, ***FPS law enforcement personnel shall be considered within the federal scope of employment for purposes of the Federal Law Enforcement Good Samaritan Act, Public Law 105-27T, if they take reasonable action, including the use of force,*** to protect an individual in the presence of the officer from a crime of violence; provide immediate assistance to an individual who has suffered or who is threatened with bodily harm; or prevent the escape of any individual who the officer reasonably believes has committed a crime of violence in the presence of the officer.

b. The Department of Justice (DOT) Office of Legal Counsel has recognized that:

- . . . .

- ***Federal law enforcement officers shall not be discouraged from intervening in. local crimes of a serious nature, i.e., felonies and violent misdemeanors***.

- ***18 U.S.C. §I1 I, "Assaulting, resisting, or impeding certain officers or employees," may apply even when the crime in which the officer intervenes is. not a federal one.***

- . . . .

Emphasis added.

5

8.     Attachment "3" is a true and correct copy of a photograph of Commander Broughton's clearly marked law enforcement vehicle.

9.     Commander Broughton's actions were performed within the scope of his employment as a Federal FPS law enforcement officer. Included among the enumerated police powers of an FPS law enforcement officer is the power to make arrests without warrant for misdemeanors committed in their presence and felonies based on probable cause. 41 U.S.C. § 1315 (b) (2) (c).

10.    Mario Ybarra's tailgating of Commander Broughton's marked Chevrolet Tahoe and aggressive hand gestures while driving alongside Commander Broughton on the freeway reasonably constituted a violation of the 18 U.S.C. § 111 (b)'s prohibition against assaulting, intimidating or interfering with a federal officer.

11.    Therefore, Ybarra aggressive behavior toward Commander Broughton provided a sufficient basis for an arrest. In responding to this aggressive behavior, Commander Broughton was performing a law enforcement function, within the scope of his employment.

I DECLARE UNDER PENALTY OF LAW THAT THE FOREGOING FACTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Executed on: June 6, 2013.          /s/William A. Harrison
                                    WILLIAM A. HARRISON
                                    Attorney for Defendant
                                    CHARLES ERIC BROUGHTON

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAI'I, | ) CR. NO. 13-00415 HG |
| | ) |
| Plaintiff, | ) **REPLY MEMORANDUM** |
| | ) |
| vs. | ) |
| | ) |
| CHARLES ERIC BROUGHTON, | ) |
| Also known as Eric Broughton, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**REPLY MEMORANDUM**

I. **COMMANDER BROUGHTON DOES INDEED ESTABLISH A COLORABLE FEDERAL CLAIM UNDER 28 U.S.C.§ 1442 (a)**

The State cites *Mesa v. California*, 489 121 (1989) for the proposition that defendant must establish: (1) his status as a federal agent; and (2) raise a federal defense. [1] The State then argues in paragraph "A" of its MIO that "defendant fails to raise a colorable defense." [2]

Quite the contrary, Commander Broughton has a very colorable defense. Simply put, he was properly on duty, conducting an investigation of a possible federal

---

[1] See Memorandum in Opposition to Defendant's Notice of Removal ("MIO") at page 5.
[2] By not addressing the first prong of *Mesa* it appears the State is rightfully acknowledging that Commander Broughton is indeed a federal agent.

7

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

crime being perpetrated against him and others. See, *U.S. v. Evans*, 581 F.3d 333 (6th Cir.2009). During the course of the investigation he was confronted by an individual who appeared to have severe anger management problems. Problems which led him to tailgate a clearly marked federal law enforcement vehicle. See, Attachment "3." This individual not only tailgated the law enforcement vehicle, but left his vehicle in the middle of a busy thoroughfare to accost Broughton. Commander Broughton followed proper **federal** protocol and procedure in conducting his investigation and responding to the crime. See, FPS Directive 15.1.2.1 and 15.5.12.1; Attachments 1 & 2.

Mario Ybarra later alleged facts and circumstances beyond what happened, then sought and obtained an Indictment which is the subject of this action. Broughton's federal defense to the charge is that he had the requisite authority and power to investigate a federal crime on State property. *U.S. v. Evans, supra.* The mere fact that there is a dispute, as to the facts of how the incident occurred, does not defeat jurisdiction. Broughton's defense is that he followed proper **federal procedure**.

In *Mesa*, Justice O'Connor cited *The Mayor* with approval for the same proposition offered above.³

 "In upholding the statute's constitutionality, we observed: '**Nor is it any objection that questions are involved which are not all of a Federal character. If one of the latter exist, if there be a single such ingredient in the mass, it is sufficient.**

---

³ *The Mayor v. Cooper,* 73 U.S. (6 Wall) 247, 18 L.Ed. 851 (1867).

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

*That element is decisive upon the subject of jurisdiction.*' [73 U.S.] 6 Wall., at 252 (emphasis added). For purposes of removal, we only required the mayor and aldermen to allege a colorable defense under federal law; '[t]he validity of the defense authorized to be made is a distinct subject. It involves wholly different inquiries.... It has no connection whatever with the question of jurisdiction.'" *Id.*, at 254.

489 U.S. at 129, 109 S. Ct. at 964. (Emphasis added).

Indeed, the federal officer removal statute serves "to protect the integrity of federal governmental operations by providing a federal forum in the first instance for cases wherein federal officials must raise defenses arising from their official duties." *Willingham v. Morgan,* 395 U.S. 402, 405 (1969); *accord Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006); *Arizona v. Manypenny,* 451 U.S. 232, 241 (1.981). "One of the primary purposes of the removal statute - as its history clearly demonstrates - was to have such defenses litigated in the federal courts." *Willingham,* 395 U.S. at 407. The Supreme Court read the statute broadly to effectuate this intended purpose See *Id.* (opining that because "Congress has decided that federal officers . . . require the protection of a federal forum," this policy, which underlies § 1442(a) (l), "should not be frustrated by a narrow, grudging interpretation of [that statute]'); *United States v. Penn. Env. Hearing Bd.,* 377 F. Supp. 545, 553 (MD. Pa. 1974) (federal officer removal statute must be liberally construed[,] [o]therwise, federal officers may be prevented from having their cases heard in a federal forum ...").

9

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

## II. COMAMDER BROUGHTON IS ENTITLED TO REMOVAL AS HE WAS ACTING UNDER THE COLOR OF OFFICE

Finally, the State argues that assuming *arguendo* there is a federal defense alleged by Commander Broughton, he was not acting under the color of his office.[4] In support of this argument the State alleges that *U.S. v. Evans,* 581 F. 3d 333 (6th Cir. 2009) is misconstrued by defendant.[5]

On the contrary, the State's attempt to distinguish *Evans* clearly misses the mark. The State totally ignored the key part of the decision as it relates to the instant matter. In *Evans,* the Sixth Circuit found the FPS officers had two separate grounds for jurisdiction. First, pursuant to 40 USC 1315, they had authority to surveil Evans after she left the federal building to ensure she no longer posed a threat to the security officers and the building. The Second basis, which it missed, was after the FPS officers broke off the surveillance, the officers were off federal property driving on the Detroit streets, when Evans and the two girls assaulted the FPS Officers by reaching under the car seats and pointed their fingers at the officers. The Court held the independent action, the assault on a federal law enforcement officer, provided jurisdiction on State property to perform a traffic stop, pursuant to §1315. Similarly, when Ybarra tailgated, pointed his middle finger, and then walked to Commander Broughton's car in a threatening manner, he was arguably attempting to

---

[4] MIO at page 11.

10

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

intimidate/assault Broughton. Accordingly, under both §111 and §1315 Broughton had the jurisdiction to conduct an investigation off property, regarding a possible federal violation that occurred in his presence. Commander Broughton investigated this potential crime while in-service, utilizing his marked federally-issued vehicle. Moreover, he was continually in contact with the federal MegaCenter, conversing on his Federally-issued phone, while apprising them of the status of the investigation. Broughton conducted the investigation all while dressed in his uniform. In short, Broughton was performing a federal function in the course of an alleged violation of state law. It was not as if he were off duty, carrying a personal firearm, in his privately vehicle, while speaking on his personal phone,.

The State's reliance on the *House* case[6] is also misplaced. First, *House* involved multiple traffic stops. Commander Broughton never stopped Ybarra. Rather, he was the one to stop his car and approach Broughton in a threatening manner. Second, *House* was warned and formally counseled repeatedly by his supervisors against making unwarranted traffic stops. Yet, against his supervisor's orders, he continued to make stops and lied about them and his basis for making them.

Lastly, the State's argument there is no connection between Broughton's federal authority and the charged conduct, terroristic threatening, is baseless. As an FPS law

---

[5] MIO at page 13.
[6] 684 F.3d 1173 (11th Cir. 2012).

11

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

enforcement officer, Broughton is required to carry a firearm issued to by the U.S. Department of Homeland Security/FPS, as a part of his Federal employment. See Attachment 1.

In this case, the State is claiming Broughton used his federally issued weapon inappropriately against Ybarra by allegedly pointing it against his chest. Therefore there is a *direct* connection between the indictment in this case and Commander Broughton's federal position. But, for DHS providing him the weapon and making it a condition of his employment to carry it, there would be no state charge.

For over 100 years, the federal courts have recognized that the Supremacy Clause of the United States Constitution protects federal officers from state prosecution for conduct performed in the course of their official duties. Under *In re Neagle*, 135 U.S. 1 (1890), and its progeny, a federal officer is immune from state prosecution when (1) the federal officer was performing an act that he was authorized to do by the law of the United States, and (2) in performing that act, the federal officer did what was necessary and proper for him to do. *Kentucky v. Long*, 837 F.2d 727, 744 (6th Cir. 1988).

### III.  CONCLUSION

For the foregoing reasons, removal of this criminal case from the Circuit Court of the First Circuit, State of Hawaii, to this Court was proper.

DATED:  Honolulu, Hawaii, June 6, 2013.

12

State of Hawaii v. CHARLES ERIC BROUGHTON; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.

Law Offices Of:
HARRISON & MATSUOKA

                                      /s/William A. Harrison
                                      WILLIAM A. HARRISON
                                      Attorney for Defendant
                                      CHARLES ERIC BROUGHTON

**State of Hawaii v. CHARLES ERIC BROUGHTON**; Cr. No. 13-00415 HG; Reply to the State of Hawai'i's Memorandum in Opposition to Defendant's Memorandum in Support of Notice of Removal of State Prosecution.