KEITH M. KANESHIRO  2027
Prosecuting Attorney
ELENA KAUI YAMANE 9414
Deputy Prosecuting Attorney
City and County of Honolulu
1060 Richards Street
Honolulu, Hawaii  96813
Ph:  (808) 768-7400
Fax: (808) 768-7513
Attorneys for State of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, | CR. NO. 13-00415 HG |
| Plaintiff, | |
| v. | STATE OF HAWAII'S MOTION *IN LIMINE*; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE |
| CHARLES ERIC BROUGHTON, also known as Eric Broughton, | |
| Defendant. | |

STATE OF HAWAII'S MOTION *IN LIMINE*

Comes now the State of Hawai`i (The State), by and through ELENA KAUI

YAMANE, Deputy Prosecuting Attorney for the City and County of Honolulu, State

of Hawai`i, and hereby moves this Honorable Court to issue the following orders prior

to the start of trial:

1. "Prior Bad Acts"

a. Compelling Defendant, pursuant to Rule 404(b) of the *Federal Rules of Evidence* ("*F.R.E.*"), as amended, to disclose out of the presence of the jury the date, location, and general nature of any prior bad acts of any prosecution witnesses, if any, that Defendant intends to introduce or refer to during trial.

b. Excluding and precluding from use at trial any testimonial or documentary evidence of such "prior bad acts", which are inadmissible under Rules 401, 402, 404(b), *F.R.E.*, and/or unfairly prejudicial under Rule 403, *F.R.E.*

2. <u>Specific Instances of Aggressive Conduct</u>

a. Compelling Defendant, pursuant to Rule 404(a), *F.R.E.*, to disclose out of the presence of the jury all specific instances of aggressive conduct of any prosecution witnesses, if any, that Defendant intends to introduce or refer to at trial.

b. Excluding and precluding from use at trial any testimonial or documentary evidence of any such "specific instances of aggressive conduct" which are inadmissible under Rule 404(a) and Rule 404(b), *F.R.E.*, and/or unfairly prejudicial under Rule 403, *F.R.E.*

3. <u>Specific Instances of Conduct of Untruthfulness</u>

a. Compelling Defendant, pursuant to Rule 608(b), *F.R.E.*, to disclose out of the presence of the jury all specific instances of conduct of untruthfulness of

any prosecution witness, if any, that Defendant intends introduce or refer to during trial.

b. Excluding and precluding from use at trial any testimonial or documentary evidence of any such specific instances of conduct to impeach of any prosecution witness which is inadmissible under Rule 608(b), *F.R.E.*, and/or unfairly prejudicial under Rule 403, *F.R.E.*

4. "Prior Criminal Record" Evidence

a. Compelling Defendant, at the time of the hearing on this motion, to disclose any evidence relating to *the prior criminal record of any prosecution witnesses*, if any, which Defendant intends to introduce during trial pursuant to Rule 609, *F.R.E.*

b. Excluding and precluding from use at trial any testimonial or documentary evidence relating to the prior criminal record of any prosecution witnesses which is inadmissible under Rule 609, *F.R.E.*, and/or unfairly prejudicial under Rule 403, *F.R.E.*

5. Discovery

Excluding and precluding from use at trial any testimonial or documentary evidence which is in violation of Rule 16(c) of *Federal Rules of Criminal Procedure* ("*F.R.C.P.*")

a. Pursuant to Rule 16(b)(1)(B) of *F.R.C.P.*, the defendant must disclose to the

prosecutor any reports or statements of experts, including the results of physical or mental examinations and of scientific tests, experiments or comparisons, which the defendant intends to introduce as evidence at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

6. Undisclosed Discovery

   a. Compelling Defendant, at the hearing on this motion, to disclose all materials discoverable under Rule 16(b)(1) and Rule 16(c) of *F.R.C.P.* if such materials have not already been submitted or made available to the State.

   b. Precluding the Defense from referencing, submitting into evidence, or otherwise utilizing at trial any discoverable materials under *F.R.C.P.* Rule 16(b)(1) and Rule 16(c)(2) that have not been previously submitted or made available to the State, including exhibits, tangible evidence, or undisclosed witnesses.

   c. Specifically, any materials requested by the State through discovery and Touhy regulations at 6 *Code of Federal Regulations* §§ 5-41 through 5.49 and not previously made available to the State.

7. Disclosure of Defenses

a. Compelling the Defense to disclose the nature of any defense which it intends to use at trial pursuant to *F.R.C.P.* Rule 12(b).

b. Precluding the Defendant, or any defense witness, from referring to any affirmative defenses not disclosed by the defense prior to trial.  This motion in limine is made pursuant to *F.R.C.P.*  Rule 12(e).

8.  Comment on the Subject of Penalty or Punishment

a. Excluding and precluding the Defendant, as well as their counsel and/or any defense witness from use at trial any comment, statements, evidence, or arguments relating to the subject of penalty or punishment which is improper and inadmissible.

9.  Admonition to Witnesses of Excluding Evidence

Pursuant to the Court's rulings on this motion *in limine*, the prosecution requests that the Court instruct defense counsel to admonish all defense witnesses, including the Defendant, to refrain from mentioning, commenting upon, or otherwise revealing any evidence deemed inadmissible by the Court during the witness' testimony.

10. Restrictions on Statements or Remarks by Counsel

a. Prohibiting defense counsel from "stating a personal opinion as to the justness of a cause, the credibility of a witness, or the guilt or innocence of the accused".  *See* Rule 3.4(g) of the *Hawaii Rules of Professional Conduct*;

b. Prohibiting defense counsel from using his/her "opening statement" as an

occasion for argument.  *See*, *United States v. Dinitz*, 424 U.S. 600 (1976).

c.  Preclude defense counsel from making motions to dismiss in the presence of the jury.  When making a motion to dismiss, counsel shall ask to approach the bench and make their motion at the bench outside the presence of the jury.

d.  Preclude defense counsel from making motions for mistrial in the presence of the jury.  When making a motion for a mistrial, counsel shall ask to approach the bench and make their motion at the bench outside the presence of the jury.

e.  Requiring the Defendant's attorney to make references to "prosecutorial misconduct," if any, outside of the presence of the jury or at a private bench conference outside of the hearing of the jury.

f.  Precluding Defendant and/or his attorney from commenting or suggesting that the State is obligated to call as witnesses all of the witnesses listed in the State's Witness List or all persons who may have been present at any of the events disclosed by the evidence or who may appear to have some knowledge of the events.

11. Federal Laws, Statutes, or Acts

a.  Precluding any comment or reference to Federal Laws, Statutes, Acts, and/or Regulations not relevant to the instant case.  These laws are irrelevant to any

fact that is of consequence in the determination of the action in this case which charges Defendant with a violation of State law, and if admitted, would cause unfair prejudice, confusion of the issues, and mislead the jury. *F.R.E.* Rule 401 and Rule 403

12. Federal agents

   a. Precluding any comment and/or reference by a federal agents, a federal trainer, other federal law enforcement agents, or other law enforcement personnel regarding an ultimate issue at trial.  None of these agents were present during the incident.  State is of the belief that these witnesses may be asked to opine on certain legal conclusions.  Opinions as to an ultimate issue given by lay witnesses are inadmissible if the testimony is not rationally based on the firsthand perception of the witnesses and must be excluded. *F.R.E.* Rule 701 and Rule 704.

13. Defendant Eric Broughton's Career

   a. Precluding any comment or reference to any award given to Defendant Eric Broughton due to conduct in an unrelated case and testimony related thereto.

   b. Precluding any comment upon or reference to performance evaluations, awards, nominations, and/or recognitions regarding Defendant Eric Broughton's employment.   Specifically, precluding anything from

Defendant Eric Broughton's personnel file that was requested by State and not provided.

DATED:  Honolulu, Hawaii, September 12, 2013.

Respectfully Submitted,
STATE OF HAWAII
By: KEITH M. KANESHIRO
Prosecuting Attorney

By  /s/ ELENA KAUI YAMANE
    ELENA KAU`I YAMANE
    Deputy Prosecuting Attorney
    City and County of Honolulu

<u>DECLARATION OF COUNSEL</u>

I, ELENA KAUI YAMANE ("Declarant"), declares under penalty of law that the following is true and correct:

1.      Declarant is the Deputy Prosecuting Attorney for the City and County of Honolulu, State of Hawaii, assigned to the above-entitled case;

2.      Declarant has reviewed the records and files pertaining to the instant case and is familiar with the facts and circumstances underlying the charged offenses;

3.      Declarant is concerned that the defense *may* attempt to elicit inadmissible evidence in violation of the <u>Federal Rules of Evidence</u> and well-established case law, as stated in the motion;

4.      Accordingly, Declarant requests that this Court issue an order absolutely precluding the Defendant and defense counsel from eliciting such evidence either directly or indirectly;

5.      Declarant further requests that this Court Order defense counsel to instruct defense witnesses that matters ruled inadmissible by the Court shall not be mentioned, commented upon, or otherwise revealed during the witness' testimony;

6.  Declarant further requests that this Court order defense counsel to refrain from revealing inadmissible evidence in the formulation of questions posed to prospective witnesses.

9

I certify under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 12, 2013, at Honolulu, Hawaii.

By  /s/ ELENA KAUI YAMANE
ELENA KAU`I YAMANE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2013, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically by CM/ECF:

William A. Harrison @ wharrison@hamlaw.net
   Attorney for Defendant Charles Eric Broughton

  DATED:  Honolulu, Hawaii, September 12, 2013.


      By /s/ ELENA KAUI YAMANE
      ELENA KAU`I YAMANE
      Deputy Prosecuting Attorney
      City and County of Honolulu