# MINUTES

```
 CASE NUMBER:      CR NO. 13-00415HG

 CASE NAME:        State of Hawaii Vs. Charles Eric Broughton

 ATTYS FOR PLA:    Elena Kaui Yamane, Deputy Prosecuting
                   Attorney

 ATTYS FOR         William A. Harrison, Esquire
 DEFT:
```

```
    JUDGE:  Helen Gillmor       REPORTER:   Debra Chun

    DATE:   10/18/2013          TIME:       10:10am-10:41am
```

COURT ACTION:     EP: FINAL PRETRIAL CONFERENCE AND

                  FIRST MOTION IN LIMINE BY STATE
                  OF HAWAII (ECF NO. 20)

Defendant present, and not in Custody.

Oral Discussion Held.

**WAIVER OF JURY TRIAL**

     The Court questioned Defendant to ensure that his waiver of his right to jury trial is knowing and voluntary. Defense Counsel and the State agree that Defendant's waiver is knowing and voluntary. Defendant's waiver of his right to trial by Jury is **APPROVED.**

     A written Waiver of Defendant's Right to Trial by Jury, was signed in open Court by Defendant, Defense Counsel, and the State. The written Waiver was filed.


**DEFENDANT'S MOTION TO DISMISS (ECF No. 21)**

     **A.   Timing of Hearing**

     The Parties agree that Defendant's Motion to Dismiss (ECF No. 21), filed on September 18, 2013, shall be heard

simultaneously with Defendant's Bench Trial.

### B.   Standard for Supremacy Clause Immunity

The Ninth Circuit Court of Appeals has held that Supremacy Clause immunity protects a federal official from state criminal proceedings when (1) the federal agent was performing an act which he is authorized to do by the law of the United States and (2) the federal agent, in performing the act, did no more than was necessary and proper for him to do in carrying out his duties. Idaho v. Horiuchi, 253 F.3d 359, 366 (9th Cir. 2001)(en banc), vacated as moot, 266 F.3d 979 (9th Cir. 2001).

Courts have applied both an objective and subjective standard in determining whether an action was "necessary and proper." Clifton v. Cox, 549 F.2d 722, 730 (9th Cir. 1977). An officer must reasonably and honestly believe that his conduct was lawful for Supremacy Clause immunity to apply. Horiuchi, 253 F.3d at 366 n.11.

The Ninth Circuit Appellate Court, in its most recent Supremacy Clause immunity decision, stated in dicta that the subjective component may no longer be appropriate, in light of the Supreme Court's decision in Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982). Horiuchi, 253 F.3d at 366 n.11. In Harlow, the Supreme Court held that qualified immunity depends on whether an official acted in an objectively reasonable manner, without reference to subjective intentions. Id. The Appellate Court, in Horiuchi, held that Harlow's reasoning would seem to apply equally to Supremacy Clause immunity, but ultimately did not reach the question of the continued appropriateness of the subjective standard.

The Tenth Circuit Court of Appeals similarly expressed concern about whether, in consideration of Harlow, it was appropriate to incorporate a "subjective element" in analyzing the reasonableness of a federal officer's actions for Supremacy Clause immunity. Wyoming v. Livingston, 443 F.3d 1211, 1221-22 (10th Cir. 2006). The Tenth Circuit also did not conclusively rule on the appropriateness of a subjective component.

No Appellate Court has explicitly held that the subjective component is no longer appropriate.

The Parties, in their Filings, agree that Supremacy Clause immunity applies if (1) the Defendant was in the course of performing an act which he is authorized to do pursuant to federal law, and (2) the Defendant subjectively believed his action was justified and (3) the belief was

objectively reasonable. (Motion to Dismiss at pgs. 16-17, ECF No. 21; Opp. at pgs. 15, 21-23, ECF No. 35; Reply at pgs. 4-5, ECF No. 41.)

The Parties further agree that, once a threshold defense of Supremacy Clause immunity is raised, the State must supply sufficient evidence to raise a genuine factual issue as to whether the federal officer was doing no more than what was necessary and proper. Such a showing must be based on more than mere allegations. (Motion to Dismiss at pgs. 19-20, ECF No. 21; Opp. At pg. 28, ECF No. 35.)

The Court finds that the standard set forth by the Parties is appropriate. See Wyoming v. Livingston, 443 F.3d 1211, 1222 (10th Cir. 2006); Idaho v. Horiuchi, 253 F.3d 359, 366 n.11 (9th Cir. 2001)(en banc)(vacated); New York v. Tanella, 374 F.3d 141, 147 (2d Cir. 2004)(subjective belief that the action was justified and the belief must be objectively reasonable); Kentucky v. Long, 837 F.2d 727, 744, 751-52 (6th Cir. 1988).

**STATE'S MOTION IN LIMINE (ECF No. 20)**

On September 12, 2013, the State filed a Motion in Limine, requesting Court orders regarding fourteen issues. (ECF No. 20.)

On October 15, 2013, Defendant filed a Response. (ECF No. 40.)

**#1** and **#2:** The State requests, pursuant to Federal Rule of Evidence 404, that the Defendant be compelled to disclose prior bad acts or instances of aggressive conduct of any prosecution witness that Defendant intends to introduce or refer to at trial.

Defendant has no objection.

Requests #1 and 2 are **GRANTED.**

**#3:** The State requests, pursuant Federal Rule of Evidence 608(b), that Defendant disclose all instances of conduct of untruthfulness that Defendant intends to introduce at trial.

Defendant has no objection.

Request #3 is **GRANTED.**

**#4:** The State requests that, at the time of the hearing

on the Motion in Limine, that Defendant be compelled to disclose any evidence relating to the prior criminal record of any prosecution witnesses which Defendant intends to introduce at trial, pursuant to Federal Rule of Evidence 609.

Defendant has no objection.

Request #4 is **GRANTED.**

**#5 and #6:** The State requests, in #5, any reports or statements of experts, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(B). The State requests, in #6, that Defendant be compelled, at the hearing on the Motion in Limine, to disclose all discoverable material under Rule 16(b)(1) and Rule 16(c), which has not already been made available. The State requests that Defendant be precluding from referencing, submitting into evidence, or otherwise utilizing at Trial any discoverable materials that have not been previously made available to the State.

The State is satisfied that it has received all necessary discovery. The State represented that it would provide Defendant with a copy of Defendant's training records, but has otherwise already provided Defendant with all discovery.

Requests #5 and #6 are **GRANTED**.

**#7:** The State requests that Defendant be compelled to disclose defenses, pursuant to Federal Rule of Criminal Procedure 12(b). The State requests that Defendant and Defense Witnesses be precluded from referring to any affirmative defense not disclosed prior to trial, pursuant to Federal Rule of Criminal Procedure 12(e).

Defendant states that all defenses requiring disclosure have been disclosed.

Request #7 is **GRANTED.**

**#8 and #9:** The State requests that Defendant be precluded from improperly using comments, statements, evidence, or arguments relating to the subject of penalty or punishment. The State further requests that Defendant admonish all Defense Witnesses, including Defendant, to refrain from mentioning, commenting upon, or revealing evidence deemed inadmissible.

Defendant has no objection.

Requests #8 and #9 are **GRANTED.**

**#10:** The State requests various restrictions on statements or remarks by Defense Counsel. Many of the requests seeks a restrictions on Defense Counsel's ability to make certain statements in front of the jury.

The State represented that Request #11 is no longer at issue, as Defendant has waived his right to a trial by jury.

Request #10 is **MOOT.**

**#11:** The State requests that Defendant be precluded from commenting or referencing federal laws that are not relevant and may cause confusion or mislead the jury.

The State represented that Request #11 is no longer at issue, as Defendant has waived his right to a trial by jury.

Request #11 is **MOOT.**

**#12:** The State requests that federal agents or other law enforcement personnel be precluded from commenting or referencing an ultimate issue at trial, pursuant to Federal Rules of Evidence 701 and 704.

Discussion held regarding the permitted scope of Chief Ivan Pabon's testimony.

Chief Pabon is permitted to testify, as an expert, regarding the scope of Defendant's federal authority as a Federal Protective Service ("FPS") Area Commander, the nature of training of FPS personnel, and FPS policies and procedures.

Chief Pabon will not be allowed to testify as to what actually occurred, as he was not present during the incident. Chief Pabon is also precluded from testifying about whether Defendant did or did not have a mental state or condition that constitutes an element of the charged crime or defense, pursuant to Federal Rule of Evidence 704(b).

Request #12 is **GRANTED IN PART AND DENIED IN PART,** as clarified above.

**#13:** The State requests the preclusion of any comments

or reference to awards given to Defendant for conduct in an unrelated case. The State also requests preclusion of any comments or references to performance evaluations, nominations, or recognitions regarding Defendant's employment, including anything from Defendant's personnel file.

Defendant has no objection. Defense Counsel indicates that Defendant's training and duties of his employment are relevant.

The Court finds that Defendant's training and duties of employment are outside the scope of the State's request.

Request #13 is **GRANTED.**

All issues raised in the State's Motion in Limine (ECF No. 20) have been addressed.

Defendant, in his Response to the State's Motion in Limine, requests a reciprocal order requiring the State to abide by the same requests sought from Defendant. (ECF No. 40.) The State has no objection.

The State shall adhere to and abide by the above Rulings.

**FINAL PRETRIAL CONFERENCE**

<u>Non Jury Trial-Waiver of Specific Findings</u>

Federal Rule of Criminal Procedure 23(c) provides that, in a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion.

The Parties waive having the Court provide specific findings of fact.

<u>Verdict Form and Statement of Law</u>

A Joint Verdict Form shall be submitted by Wednesday, October 23, 2013.

The Parties represent that they will submit a Joint Statement of the Relevant Law.

<u>Anticipated Length of Trial</u>

    Non Jury Trial will start on Tuesday, October 29, 2013 at 9:00 a.m. before the Honorable Helen Gillmor.

    The State anticipates calling four Witnesses. Defendant anticipates calling two Witnesses. Each Party expects its case to take one day.


Submitted by Leslie L. Sai, Courtroom Manager