IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAI'I, | ) CR. NO. 13-00415 HG |
| | ) |
| Plaintiff, | ) **STIPULATION AS TO APPLICABLE** |
| | ) **HAWAI'I LAW TO BE APPLIED IN** |
| vs. | ) **THIS CASE** |
| | ) |
| CHARLES ERIC BROUGHTON, | ) |
| Also known as Eric Broughton, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STIPULATION AS TO APPLICABLE HAWAI'I LAW TO BE APPLIED IN THIS CASE

Comes now the STATE OF HAWAI'I and Defendant CHARLES ERIC BROUGHTON, by and through their respective counsel undersigned, and stipulate and agree that the following states the applicable Hawaii law as set forth in the indictment in this case:

"In the Indictment, the Defendant, CHARLES ERIC BROUGHTON, also known as Eric Broughton, is charged with the offense of Terroristic Threatening in the First Degree.

A person commits the offense of Terroristic Threatening in the First Degree if, with the intent to terrorize or in reckless disregard of the risk of terrorizing another person he threatens, by word or conduct, to cause bodily injury to another person,

with the use of a dangerous instrument, to wit, an instrument that falls within the scope of Section 706-660.1 of the Hawaii Revised Statutes.

There are three material elements of the offense of Terroristic Threatening in the First Degree, each of which the prosecution must prove beyond a reasonable doubt.

These three elements are:

1. That, on or about December 20, 2012 in the City and County of Honolulu, the Defendant threatened, by word or conduct, to cause bodily injury to Mario Ybarra, and

2. That the Defendant did so with the use of a dangerous instrument, to wit, an instrument that falls within the scope of Section 706-660.1 of the Hawaii Revised Statutes; and

3. That the Defendant did so with the intent to terrorize or in reckless disregard of the risk of terrorizing Mario Ybarra.

The prosecution also must prove beyond a reasonable doubt that the threat was objectively capable of causing fear of bodily injury in a reasonable person at whom the threat was directed and who was familiar with the circumstances under which the threat was made, and:

(1) the threat on its face and in the circumstances in which it was made must have been so clear, unconditional, immediate, and specific as to the person

threatened, that the threat communicated a seriousness of purpose and an imminent likelihood of being carried out; or

(2) the Defendant possessed the apparent ability to carry out the threat, such that the threat was reasonably likely to cause fear of bodily injury in Mario Ybarra.

The relevant attributes of the Defendant and Mario Ybarra must be taken into consideration in determining whether the threat, under the circumstances, was objectively capable of causing fear of bodily injury in a reasonable person. Relevant attributes may include, but are not limited to, size, weight, occupation, training, and status of the Defendant and Mario Ybarra.

If the court finds that the prosecution has proven beyond a reasonable doubt that the Defendant committed the offense of Terroristic Threatening in the First Degree, then the court must also answer the following question: whether the prosecution has proven beyond a reasonable doubt that the Defendant had a firearm in his possession and threatened its use or used the firearm while engaged in the commission of Terroristic Threatening in the First Degree, whether the firearm was loaded or not, and whether it was operable or not?

'Firearm' is defined as: any weapon, for which the operating force is an explosive, including but not limited to pistols, revolvers, rifles, shotguns, noxious gas projections, mortars, bombs, and cannon.

'Bodily injury' means physical pain, illness, or any impairment of physical condition.

'Dangerous instrument' means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury."

Dated: Honolulu, Hawaii, October 24, 2013.

                                                     /s/ Elena Kau'i Yamane
                                               ELENA KAU'I YAMANE

Dated:  Honolulu, Hawaii, October 24, 2013.

Law Offices Of:
HARRISON & MATSUOKA        /s/William A. Harrison
                                            WILLIAM A. HARRISON
                                            CHARLES ERIC BROUGHTON
                                            aka Eric Broughton