# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR NO. 13-00415HG |
| CASE NAME: | State of Hawaii Vs. Charles Eric Broughton |
| ATTY FOR PLA: | Elena Kaui Yamane, Deputy Prosecuting Attorney |
| ATTY FOR DEFT: | William A. Harrison, Esquire |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Cynthia Ott |
| DATE: | 10/29/2013 | TIME: | 9:05am-9:43am |

COURT ACTION:    EP:  NON JURY TRIAL

DEFENDANT CHARLES E. BROUGHTON'S MOTION TO DISMISS (ECF No. 21]

STATE OF HAWAII's MOTION TO CONTINUE TRIAL WEEK (ECF No. 48)

Defendant present, and not in Custody.

Oral Discussion Held.

Yesterday afternoon, on October 28, 2013, the State of Hawaii filed a MOTION TO CONTINUE today's TRIAL. (ECF No. 48.) The Deputy Prosecuting Attorney ("Prosecutor") represents that, yesterday on October 28, 2013, she called the prosecution witnesses Mario and Wendy Ybarra. The Prosecutor states that she was informed by Mrs. Ybarra that Mr. Ybarra had been hospitalized since Saturday, October 26, 2013.

The State requests a continuance of the Trial Date, as the prosecution represents it cannot proceed to trial without Mr. Ybarra as a witness.  The State does not request a specific date for the continuance, as the State is unsure when Mr. Ybarra will be discharged from the hospital and available to testify.

Defense Counsel opposes the continuance, representing various reasons how Defendant will be prejudiced. Defendant

was indicted in March 2013 in the First Circuit Court of the State of Hawaii. Following the Indictment, Defendant was taken from his usual duties and placed in an administrative position for the pendency of the case. Defense Counsel stated that the last minute continuance would cause a financial hardship, as Defendant has already traveled from his home in California three times to appear in Federal Court in this matter.

Defense Counsel also represents that he has discovered evidence that the complaining witness, Mr. Ybarra, was previously arrested for assault and had his drivers license revoked in the State of Missouri for traffic violations. The State did not disclose any assault charges or license revocations by their complaining witness. Defendant is waiting for the State to verify that the prior conduct relates to the correct Mr. Ybarra.

The State's Motion in Limine, filed on September 12, 2013, moved the Court to issue orders prior to trial compelling the Defendant to disclose any prior acts, all specific instances of aggressive conduct, all specific instances of conduct of untruthfulness, and any evidence of the prior criminal record of any prosecution witness.

The Defendant, in his response to the State's Motions in Limine, requested a reciprocal order requiring the State to adhere to and abide by the same requests sought from the Defendant.

At the Hearing on the Motions in Limine on October 18, 2013 before this Court the State Prosecuting Attorney stated "as far as the complaining witness, I'm unaware of any prior criminal record."  The Prosecutor now states that she did not actually examine Mr. Ybarra's criminal history and does not know if he has any criminal record.

The State's request for an open ended continuance is DENIED. The State represents that it can ascertain when their complaining witness will be available to testify by November 4, 2013.

The State is **GRANTED** a continuance.

The Court finds that good cause exists to grant a continuance of one week. A Hearing will be held on November 4, 2013 at 10:00 a.m. to ascertain if a Trial Date can be set. The Parties shall also be prepared to discuss the status of Mr. Ybarra and the issues raised in the Motions in Limine. Defendant may appear telephonically.

Defendant shall file his Opposition to a further continuance by October 31, 2013.

The issue of speedy trial is a complex one due to the Indictment by the State Court and removal to Federal Court of the action.  The Court is not making any ruling on the number of days expired at this time.

 Attorney for the Defendant points out that the Defendant is ready to proceed.  The expert witness and Defendant traveled from the mainland to be present.  The inability of the State to go forward prevents the trial from proceeding.

The period of time between October 29, 2013 and November 4, 2013 is not excluded from calculation under the Speedy Trial Act, 18 U.S.C. § 3161.


Submitted by Leslie L. Sai, Courtroom Manager