Law Offices Of:
HARRISON & MATSUOKA

WILLIAM A. HARRISON    #2948
841 Bishop Street, Suite 800
Davies Pacific Center
Honolulu, Hawaii  96813
Telephone Number:   523-7041
Facsimile Number:  538-7579
E-Mail:  wharrison@hamlaw.net

Attorney for Defendant
CHARLES ERIC BROUGHTON
aka Eric Broughton

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAI'I, | ) CR. NO. 13-00415 HG |
| | ) |
| Plaintiff, | ) **DEFENDANT'S MEMORANDUM** |
| | ) **IN OPPOSITION TO THE STATE** |
| vs. | ) **OF HAWAI'I'S MOTION TO** |
| | ) **CONTINUE TRIAL WEEK;** |
| CHARLES ERIC BROUGHTON, | ) **DECLARATION OF COUNSEL;** |
| Also known as Eric Broughton, | ) **EXHIBIT "A"; CERTIFICATE OF** |
| | ) **SERVICE** |
| Defendant. | ) |
| | ) |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE STATE OF HAWAI'I'S MOTION TO CONTINUE TRIAL WEEK

Comes now Defendant CHARLES ERIC BROUGHTON, by and through counsel undersigned, and hereby submits his opposition to the State of Hawai'i's

1

Motion to Continue Trial Week.

## I. INTRODUCTION

On March 19, 2013, the State of Hawaii indicted Commander Broughton on the charge of Terroristic Threatening in the First Degree, in violation of H.R.S. § 707-716(1) (e). On March 28, 2013, Commander Broughton appeared in the Circuit Court of the First Circuit, State of Hawai'i for arraignment on the charge. Commander Broughton pled "not guilty" to the charge.

On April 19, 2013 Broughton filed his notice of removal. As a result a status conference was initially set for April 22, 2013, the status was continued to April 26, 2013. At the April 22nd status conference the court set trial for June 25, 2013.

On May 10, 2013 the State filed a motion to remand seeking to have Broughton's case returned to the State Circuit Court.

On June 19, 2013 the parties agreed to have the court decide the motion to remand on the pleadings and submissions and the court took the matter under advisement. At that time the court continued the trial until October 29, 2013 and excluded the time from June 25, 2103 until October 29th from the provisions of the speedy trial act.

During the time from the last pretrial conference on October 21, 2013, wherein the court issued its ruling on the State's Motion *In Limine,* the defense learned of a potential traffic and a criminal record of Mario Ybarra, which was not

2

disclosed by the State. In keeping with the motion in limine ruling the defense notified the State of this matter on October 28, 2013 and requested verification of the record.

Commander Broughton, who is a resident of the State of California has expended significant personal resources in preparation for the trial of this case, which required numerous appearances in Hawaii. Commander Broughton sought and was granted precious federal funds to obtain the appearance of Ivan Pabon, Jr. an expert in law enforcement training, who was flown in from Georgia to assist at trial. The defense was ready for trial to commence on October 29, 2013.

On October 28, 2013 the State filed its Motion to Continue Trial Week, arguing that its essential witness, Mario Ybarra was hospitalized and could not appear for trial. During the hearing on this matter it was determined that the State's witness was appropriately subpoenaed to appear for trial on October 29, 2013. This medical emergency allegedly arose on October 26, 2013. Notwithstanding this fact, neither, the witness, or his wife, Wendy Ybarra, chose to notify the State that a medical emergency had arisen. The issue of their pending non-appearance came to light fortuitously, as the State called the Ybarra's on Monday, October 28, 2013 to confer and learned only then of the situation. When asked when the witnesses would be able to attend court proceedings the State indicated it did not know. The State then

asked that the trial in this matter not be reset for trial, but instead a status conference be set sometime in the future to determine the length of the continuance.

The court heard arguments of counsel, reviewed the State's submission and over Broughton's vehement objection granted in part the State's request and continued the trial of this matter until Monday, November 4, 2013.

## II.     ARGUMENT

### ANY FURTHER CONTINUANCE OF TRIAL IS PREJUDICAL TO COMMANDER BROUGHTON AND A VIOLATION OF HIS RIGHT FAIR, ORDERLY AND SPEEDY TRIAL

#### (1)     Irreparable Harm to Commander Broughton

Prior to the present allegations being leveled against Commander Broughton, He enjoyed a long and distinguished career in law Enforcement. Commander Broughton had risen to the rank of Area 9 Commander, Department of Homeland Security, and Federal Protective Service. Since the indictment in this case he has suffered and continues to suffer irreparable harm to his standing in the Service and in his career as a law enforcement manager. He has been placed in an administrative "holding pattern" while awaiting the outcome of this trial. He cannot apply for lateral or promotional career opportunities while this matter remains unresolved.

Moreover not only has Commander Broughton's reputation in the law enforcement community been tarnished by these allegations, but his personal name,

4

reputation and credibility has also been unjustifiably damaged. Accordingly any further delay in these proceeding continues to irreparably damage Commander Broughton's life and career.

### (2)   Deleterious Expenditure of Resources

As discussed above Commander Broughton has suffered significant "out of pocket expenses" to travel between his home in California to Hawaii to appear for pretrial and trial proceedings in this matter. Moreover, he obtained funding from the Department of Justice to retain the assistance of an expert witness for pretrial and trial proceedings. This funding is very scarce in these austere fiscal times and Broughton is very uncertain of the ability to obtain additional funding in this regard. This is causing further and unwarranted personal angst and consternation to Commander Broughton.

### (3)   Reluctant /Recalcitrant Witnesses

It has become abundantly clear from the facts and circumstances in these proceedings that the State has witness problems. The witnesses were under court order to appear, yet would have failed to appear *and not given notice* as to the reasons for their non-appearance, had not the State fortuitously telephoned them. The court can properly infer from the witnesses actions that they had chosen to ignore the court order to appear in this case. Based upon this conduct the court can readily surmise that the witnesses are either reluctant witnesses or recalcitrant witnesses. Either way

their cavalier conduct should not be condoned by the court.

### (4) Speedy Trial Act Violation

18 U.S.C. § 3161(c) (1) the "speedy trial act" states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Unfortunately Commander Broughton has found no case that has reviewed the issue as to application of the Speedy Trial Act to a case which has been removed from State Court. However, defense would argue that as a case of first impression the equities of the matter cry out for application of the act to the facts herein.

Commander Broughton removed the case from State Court pursuant to 28 U.S.C. § 1442(a). That statutory provision allows for removal where a federal law enforcement officer acting within the course and scope of his authority asserts a colorable defense to such prosecution. In this case the court has determined that fact and denied a remand request by the State. Once this is accomplished it would be an anomaly not to apply federal procedural trial rules to the case. To do so would be to allow a party to flout federal procedures, when such procedure would be adverse to that individual's position. For example should the court order the parties to exchange witness lists on a certain date contrary to State rule, the party opposing the order

would merely assert State procedure to trump the Federal Court order.

In this case federal statutory law that governs criminal trial procedures mandates case time limits and exclusions. That Act requires trial within 70 days from the filing of the indictment or from the defendant's first appearance in court, whichever date last occurs. In this case the Speedy Trial Act has been violated as 95 days have already elapsed since Commander Broughton's arraignment on the indictment filed herein. *See Exhibit "A."*

**(5)** **Non-disclosure of Mario Ybarra's Traffic and Criminal Record**

The State in its motion *in limine* sought from the defense any "prior bad acts," "specific instances of aggressive conduct" and any "prior criminal record evidence" of any prosecution witness. The defense indicated that it had no such evidence but should any information come to light prior to or during the course of the trial proceedings, defense will notice the State and seek a hearing with the court should the necessity arise. Similarly, Commander Broughton sought reciprocity regarding any such discovery.

The State had informed defendant that it "was not aware of any such evidence" regarding the Prosecution witnesses.

On October 28, 2013 the defense became aware of criminal and traffic record evidence possibly relating to the prosecution's essential witness Mario Ybarra. The

defense communicated that information to the State in an effort to verify that the record information indeed pertained to Ybarra. On October 31, 2013 the State communicated by email to the defense that "the HI DL information is correct. As well as the battery charge is also the correct Mario Ybarra. I cannot confirm or deny the Missouri DL information."

Mario Ybarra's Hawaii Driver's License record contains citations given on March 5, 2013 for speeding (80/55), unsafe lane change and failure to signal. A default judgment was entered on all three charges on August 8, 2013.

As to the battery charge, Mario Ybarra pled guilty to the charge on April 14, 2005 and was placed under court supervision for a period of one year. Although not as yet confirmed by the State, the defense believes that the Missouri Driver's License information obtained is Mario Ybarra's. That information provides a suspension of privileges for multiple speeding violations and for driving while license suspended/revoked.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution is violated when the prosecution fails to reveal any information it actually or constructively possesses and which information is favorable to the Defendant and material to the issue of guilt or punishment or in any way discredits the State's case. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *See also Miller v. Pate*, 386 U.S. 1 (1967); *Giles v. Maryland*, 386 U.S. 66 (1967). Pursuant to *Brady*, the

prosecution must disclose material exculpatory evidence whether the defendant makes a specific request, a general request, or none at all. See also *United States v. Agurs*, 427 U.S. 97 (1976).

Although the *"Brady"* rule is often phrased in terms of information "known to the prosecution," the prosecution's "knowledge" for this purpose clearly extends beyond the personal knowledge of the prosecutor representing the government at trial. The scope of this disclosure obligation extends beyond the contents of the prosecutor's case file and encompasses the duty to ascertain as well as divulge any favorable evidence known to others acting on the government's behalf. Ignorance of the existence of police information will not justify the State's failure to produce that information, for purposes of finding a *Brady* violation; *Brady* is aimed at ensuring that the accused receives a fair trial. *United States ex rel. Smith v. Fairman*, 769 F.2d 386 (7th Cir. 1985). "The individual prosecutor is presumed to have knowledge of all information gathered in connection with the government's investigation." *In Re Brown, supra,* 17 Cal. 4th at 879 quoting *United States v. Payne* (2nd Cir. 1995) 63 F.3rd 1200, 1208.

It is also important to note that the government has a continuing duty to disclose <u>all</u> exculpatory evidence. *United States v. Kelly*, 420 F.2d 26 (2nd Cir. 1969).

Moreover, disclosure of the requested information must be timed to enable effective preparation for trial. *United States v. Polisi*, 416 F.2d 573, 578 (2nd Cir. 1969);

*United States v. Kaplan*, 554 F.2d 577, 580 (3rd Cir. 1977). In *United States v. Baxter*, 492 F.2d 150, 173-174 (9th Cir. 1973), it was stated that:

> Disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in preparation and presentation of its case, even if satisfaction of this criterion requires pretrial disclosure. See, e.g. *United States v. Elmore,* 423 F.2d 775, 779 (4th Cir. 1970); *United States v. Deutsch*, 373 F.Supp. 289, 290-291 (S.D.N.Y. 1974).

*See also Gorham v. Wainwright*, 588 F.2d 178, 180 (5th Cir. 1979); *Grant v. Alldredge*, 498 F.2d 376, 381, n.5 (2nd Cir. 1974).

Disclosure must be made in sufficient time to allow defense counsel the ability to mold the information into a cohesive defense. To be effective, trial counsel must be aware of all-important evidence well before trial. Important strategy decisions that must be made prior to trial can only be made intelligently with an awareness of **all** the facts.

This additional disclosure issue the defense argues, adds to the totality of circumstances that the court should consider when deciding whether to grant the State any further continuance of trial in this case.

II. **CONCLUSION**

Defendant requests that the court deny any further continuance of trial and dismiss the matter with prejudice.

DATED: Honolulu, Hawaii, October 31, 2013.

Law Offices Of:
HARRISON & MATSUOKA                    /s/William A. Harrison
                                       WILLIAM A. HARRISON
                                       CHARLES ERIC BROUGHTON
                                       aka Eric Broughton